# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-3082

NOBLE SYSTEMS CORPORATION, a Georgia corporation,

    Plaintiff,

v.

STEVE BEDERMAN,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Noble Systems Corporation ("Plaintiff" or "Noble") files this Complaint against Defendant Steve Bederman ("Defendant" or "Bederman"), stating as follows.

## INTRODUCTION

This action arises out of Defendant's unauthorized sale and distribution of call center technology software known as "TouchStar," which Plaintiff acquired from TouchStar Software Corporation through an asset purchase. Defendant is the former CEO of TouchStar Software Corporation and is well aware that Plaintiff is the owner of intellectual property related to TouchStar and the only entity authorized to sell, license and distribute TouchStar software. Nonetheless, Defendant has held himself out in the marketplace as an authorized seller and distributor of TouchStar software, including by selling "licenses" to third parties to use the TouchStar software, without Plaintiff's knowledge or approval.

Plaintiff asserts claims for false designation under the Lanham Act, 15 U.S.C. § 1125(A), copyright infringement under 17 U.S.C. § 501, *et seq.*; misappropriation of trade secrets under 18 U.S.C. § 1836(b) and Colorado law; and state law claims for civil theft, tortious interference, and unjust enrichment.

Plaintiff seeks damages and disgorgement of Defendant's profits attributable to his illegal activity, which are subject to doubling or trebling under federal and state statutes, and attorneys' fees under applicable state and federal law.

**PARTIES**

1. Noble is a Georgia company with its principal place of business at 1200 Ashwood Parkway, Suite 300, Atlanta, Georgia. Noble, a global leader in contact center technology solutions, has made and continues to make substantial investments of time, effort, and expense, in designing, developing, testing, publishing, marketing, distributing, and licensing a wide variety of software products related to the operation of call centers.

2. Defendant Steve Bederman is an individual who upon information and belief is a citizen of Colorado and can be served at 22454 E. Peakview Drive, Aurora, Colorado 80016.

**JURISDICTION AND VENUE**

3. This action arises under the Lanham Act, 15 U.S.C. § 1125(A), the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*

4. This Court is vested with subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1836(c), 28 U.S.C. §§ 1331 and 1338(a).

5. This Court is additionally vested with subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to Plaintiff's causes of action over which this Court has original jurisdiction that they form part of the same case or controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in this District and a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. TouchStar Software Corporation ("TouchStar") was a Colorado company that developed and supported call center software. Bederman was the founder and CEO of TouchStar.

8. In August 2009, TouchStar defaulted on its loan with Silicon Valley Bank, resulting in the appointment of a receiver for the company.

9. In September 2009, Noble acquired TouchStar's assets, including the TouchStar brand and all intellectual property and more specifically the following computer programs for which valid copyrights have been duly and properly registered with the United States Copyright Office in full compliance with the Copyright Act:

| Name of Copyrighted Computer Program | Copyright Registration Number | Date of Publication |
|---|---|---|
| TouchStar: Administrator. | TX0007265612 | 1999 |
| TouchStar: Agent. | TX0007265619 | 1999 |
| TouchStar: AgentServer. | TX0007265606 | 1999 |
| TouchStar: Broadcaster. | TX0007265623 | 1998 |
| TouchStar: CallControl. | TX0007265622 | 1998 |
| TouchStar IVR Maker. | TX0007265616 | 2001 |
| TouchStar: Supervisor. | TX0007265608 | 1999 |

10. Since the acquisition, Noble has offered TouchStar products for sale in the marketplace, whether as a stand-alone product or in conjunction with a suite of available products under the Noble brand. To this day, Noble continues to support the TouchStar product and customers who utilize the software.

11. The TouchStar brand remains a valuable and important part of the Noble suite of product offerings. Accordingly, Noble takes reasonable and appropriate action to secure and protect its intellectual property related to TouchStar, including by pursuing legal action against infringing entities and individuals.

12. Notwithstanding Noble's purchase of TouchStar's assets, Bederman – doing business as "the Call Center Corporation" – continued to sell, license, and distribute TouchStar software.

13. As the then-CEO of TouchStar, Bederman had access to license keys that allow for the copying/reproduction of TouchStar software.

14. Upon information and belief, Bederman misappropriated TouchStar license keys in anticipation of the asset purchase by Noble. With the pirated license keys, Bederman was able to make unauthorized copies/reproductions of TouchStar software for sale and distribution to third parties.

15. Noble only recently learned of Bederman's unlawful activity in February 2017 when it received a call from a customer seeking maintenance and support services for a TouchStar system purchased from Bederman.

16. According to the invoice produced by the customer, Bederman sold the customer a 72-seat x 144 line TouchStar call center solution for $600 per license, plus $299/license for

support services. Together with hardware and professional services, Bederman charged the total price of $62,528 for the TouchStar call center solution

17. At no time did Noble ever authorize or approve Bederman's sale, licensing, or distribution of TouchStar software.

18. The full scope and extent of Bederman's infringement of Noble's intellectual property is unknown at this time.

19. In a letter dated March 10, 2017, Noble demanded that Bederman disclose the identities of all persons or entities to whom he had sold pirated TouchStar software, as well as his profits from such sales. After providing documentation that confirmed Noble's status as the owner of intellectual property related to TouchStar, Noble renewed its demand in a letter dated April 24, 2017.

20. To date, Bederman has not provided Noble with any documentation that would entitle him to sell, license, or distribute TouchStar software.

## FIRST CLAIM FOR RELIEF
### (False Designation of Origin and False Association under the Lanham Act, 15 U.S.C. § 1125)

21. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

22. Plaintiff is the sole owner and licensor of the TouchStar call center system software and the individual computer programs integrated therein.

23. Without Plaintiff's knowledge or authorization, Defendant used his prior status as CEO of TouchStar to hold himself out in the marketplace as an authorized seller and distributor of TouchStar software.

24. Defendant's unlawful actions caused confusion, mistake, and deception in the marketplace as to Defendant's affiliation with Plaintiff and the origin of Defendant's goods and services.

25. For example, one customer reportedly purchased a TouchStar call center solution from Defendant based on the mistaken belief that Defendant was an authorized seller of TouchStar products.

26. At no time did Plaintiff authorize Defendant to sell or distribute TouchStar software.

27. Upon information and belief, Defendant "licensed" TouchStar software for sale by using pirated license keys that Defendant misappropriated from TouchStar in anticipation of the company's liquidation and asset sale to Noble.

28. Noble has been damaged by Defendant's use of the TouchStar name in commerce in violation of 15 U.S.C. § 1125, entitling Noble to recover Defendant's profits, damages sustained by Plaintiff, and costs of this action. Noble is also entitled to injunctive relief under 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF
### (Copyright Infringement)

29. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

30. Plaintiff is the sole owner and licensor of the TouchStar call center software and the individual computer programs integrated therein, which are protected by Plaintiff's duly registered copyrights.

31. As the owner of the above-identified copyrights, and pursuant to the rights afforded to Plaintiff under the Copyright Act, 17 U.S.C. § 106, Plaintiff has the exclusive rights to copy and/or authorize the reproduction, distribution, or transfer of the copyrighted works.

32. Defendant has directly infringed the copyrights of Plaintiff by unlawfully reproducing, transferring, distributing, and/or selling pirated TouchStar software, all without approval or authorization from Plaintiff.

33. Plaintiff is aware of at least one customer to whom Defendant sold pirated TouchStar software, which upon information and belief Defendant was able to activate using license keys he misappropriated from TouchStar.

34. As the founder and then-CEO, Defendant was aware that Noble had purchased TouchStar's assets, including all related intellectual property. Defendant had actual knowledge that his sale and distribution of TouchStar software was unauthorized and unlawful.

35. Defendant's infringing conduct has been willful within the meaning of the Copyright Act or, at a minimum, Defendant has acted with willful blindness to and in reckless disregard of Plaintiff's copyrights.

36. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial damages for which the Defendant is liable, including, but not limited to, substantial lost profits and harm to Plaintiff's business reputation and goodwill.

37. Accordingly, Plaintiff is entitled to recover damages from Defendant, including any and all losses suffered by Plaintiff as well as any and all profits Defendant has made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

38. Alternatively, Plaintiff is entitled to recover statutory damages pursuant to 17 U.S.C. § 504(c), enhanced pursuant to 17 U.S.C. § 504(c) due to the willful nature of Defendant's wrongful conduct.

39. Plaintiff is further entitled to injunctive relief pursuant to 17 U.S.C. § 504 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct as (a) Plaintiff's copyrights are unique and valuable intellectual property, (b) Defendant's infringing reproduction, transfer, distribution, and sales have damaged, and has the potential to continue damaging, Plaintiff's business reputation and goodwill; and (c) Defendant's infringing use of Plaintiff's copyrights may be ongoing.

40. Plaintiff is further entitled to recovery its attorneys' fees and expenses pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets - 18 U.S.C. § 1836(b))**

41. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

42. The TouchStar call center system software as a whole and the individual computer programs integrated therein are valuable trade secrets of Plaintiff, being comprised of proprietary and confidential scientific, technical, and/or engineering information used in, or intended for use in, interstate or foreign commerce.

43. Plaintiff has taken reasonable measures to keep such information secret by, among other means, securing registered copyright protection for specific computer programs integrated within the TouchStar call center system software. The TouchStar software also

includes embedded security measures to prevent unauthorized reproduction, sale, distribution, or transfer.

44. Plaintiff's trade secrets have independent economic value, actual and/or potential, derived from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

45. Defendant has misappropriated the trade secrets of Plaintiff by improper means, including by selling and distributing pirated TouchStar software to third parties without express or implied consent of Plaintiff.

46. Accordingly, Defendant is liable to Plaintiff for damages including, but not limited to, any and all losses suffered by Plaintiff as well as for Defendant's unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(B).

47. Defendants willfully and maliciously misappropriated Plaintiff's trade secrets and did so with intent and/or knowledge that such misappropriation would cause injury or harm to Plaintiff.

48. Accordingly, Plaintiff is entitled, pursuant to 18 U.S.C. § 1836(b)(3)(C) to recover from Defendant two times the damages sustained.

49. Plaintiff is entitled to injunctive relief pursuant to 18 U.S.C. § 1836(b)(3)(A) to the extent Defendant's use of Plaintiff's misappropriated trade secrets remains ongoing and has the potential to continue damaging, Plaintiff's business reputation and goodwill, as well as other harms for which Plaintiff has no adequate remedy at law.

50. Plaintiff is further entitled to recover its attorneys' fees and expenses pursuant to 18 U.S.C. § 1836(b)(3)(D).

## FOURTH CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets - Colorado Law)

51. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

52. The TouchStar call center system software as a whole and the individual computer programs integrated therein are valuable trade secrets of Plaintiff within the meaning of the Colorado Uniform Trade Secrets Act ("UTSA"), being comprised of proprietary and confidential information existing in a formula, compilation, program, device, method, technique and/or process, which is secret and of value. C.R.S. § 7-74-102.

53. Plaintiff has taken reasonable measures to keep such information secret by, among other means, the use of exclusive licenses for distribution and securing registered copyright protection for specific computer programs within the TouchStar call center system software. The TouchStar software also includes embedded security measures to prevent unauthorized reproduction, sale, distribution, or transfer.

54. Plaintiff's trade secrets have independent economic value, actual and/or potential, derived from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

55. Defendant has misappropriated the trade secrets of Plaintiff by improper means, including by selling and distributing pirated TouchStar software to third parties without express or implied consent of Plaintiff.

56. Accordingly, Defendant is liable to Plaintiff for the damages including, but not limited to, any and all losses suffered by Plaintiff as well as for Defendant's unjust enrichment.

57. Defendant willfully and maliciously misappropriated Plaintiff's trade secrets within the meaning of the UTSA and did so with intent and/or knowledge that such misappropriation would cause injury or harm to Plaintiff.

58. Accordingly, Plaintiff is entitled to recover from Defendants two times the damages sustained. C.R.S. § 7-74-104(2).

59. Plaintiff is entitled to injunctive relief, to the extent Defendant's use of Plaintiff's misappropriated trade secrets remains ongoing and has the potential to continue damaging Plaintiff's business reputation and goodwill, as well as other harms for which Plaintiff has no adequate remedy at law. C.R.S. § 7-74-103.

60. Plaintiff is further entitled to recover its attorneys' fees and expenses under the UTSA. C.R.S. § 7-74-105.

### FIFTH CLAIM FOR RELIEF
(Civil Theft)

61. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

62. Defendant knowingly obtained confidential, proprietary, copyrighted software and trade secrets related to the TouchStar software, which is Plaintiff's property.

63. Defendant intended to and intends to permanently deprive Plaintiff of the use, benefit, or both of such property.

64. Plaintiff has demanded the return of its property, including by demanding disclosure of all persons and entities to whom Defendant sold or otherwise provided pirated TouchStar software, but Defendant has refused to comply with Plaintiff's demand.

65. As a result of Defendant's theft of property, Plaintiff has suffered damages.

66. Pursuant to C.R.S. § 18-4-405, Plaintiff is entitled to an award of treble damages, costs, and attorney's fees.

## SIXTH CLAIM FOR RELIEF
### (Tortious Interference with Prospective Business Advantage)

67. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

68. Defendant has sold TouchStar software products and services that otherwise would have been sold by Plaintiff.

69. Defendant intentionally and improperly, by purporting to be selling TouchStar software products and services, has interfered with Plaintiff's prospective business advantage.

70. Defendant's intentional and improper conduct has caused other third-parties not to enter into a prospective relation with Plaintiff, has prevented Plaintiff from acquiring the prospective relation, or both.

71. Defendant's intentional and improper conduct has caused Plaintiff damages.

## SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment)

72. Plaintiff realleges and incorporates the foregoing paragraphs as if fully set forth herein.

73. Defendant has improperly obtained copies, or the ability to generate copies, of the TouchStar software following Noble's purchase of TouchStar's assets.

74. Defendant appreciated the value of the TouchStar software and related intellectual property, including by selling TouchStar products and services in the marketplace.

75. Plaintiff is the rightful owner of TouchStar's assets, including the TouchStar software and related intellectual property, such that it would be inequitable for Defendant to retain the benefits of such property without payment for their value.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court award the following relief:

A. Entry of judgment in its favor on all counts;

B. Enjoinment of Defendants' continuing infringement of Plaintiff's copyrights;

C. Enjoinment of Defendants' continuing misappropriation of Plaintiff's trade secrets and any continuing sale of Plaintiff's property;

D. Entry of an order impounding any and all infringing materials in the possession of Defendants;

E. Pursuant to the First, Sixth and Seventh Claims for Relief, an award of Defendant's profits, any damages sustained by Plaintiff, and costs of this action.

F. Pursuant to the Second Claim for Relief, treble damages in an amount to be determined at trial, including any and all losses suffered by Plaintiff as well as any and all profits Defendants have made as a result of their wrongful conduct or, alternatively, statutory damages in the maximum amount allowable by law for Defendants' willful infringement of Plaintiff's copyrights;

G. Pursuant to the Third Claim for Relief, double damages in an amount to be determined at trial, including any and all losses suffered by Plaintiff as well as any and all unjust enrichment of Defendants made as a result of Defendants' wrongful conduct;

H. Pursuant to the Fourth Claim for Relief, double damages in an amount to be determined at trial, including any and all losses suffered by Plaintiff as well as any and all unjust enrichment of Defendants made as a result of Defendants' wrongful conduct;

I. Pursuant to the Fifth Claim for Relief, treble damages in an amount to be determined at trial, including any and all losses suffered by Plaintiff

J. Reasonable attorney fees and expenses of litigation; and

K. All other relief this Court deems necessary and proper in the interest of justice.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all claims so triable.

Dated: December 20, 2017                    Respectfully submitted,


*s/ Raymond W. Martin*
Raymond W. Martin
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone: 303.244.1800
Facsimile:  303.244.1879
Email:   martin@wtotrial.com

*Attorneys for Plaintiff*
*Noble Systems Corporation*